IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SHIRLYN B. KURZ | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 19-2129 |
| v. | : | |
| | : | |
| HOLIDAY HOSPITALITY | : | |
| FRANCHISING, LLC, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                          OCTOBER 7, 2019

# MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is a *motion to dismiss for lack of personal jurisdiction and improper venue or, alternatively, to transfer venue*, filed by Defendants Holiday Hospitality Franchising LLC ("Defendant Holiday Hospitality"), and Prammish, LLC ("Defendant Prammish") (collectively "Defendants"), [ECF 6], and the response in opposition thereto filed by Plaintiff Shirlyn B. Kurz ("Plaintiff"). [ECF 7]. In their motion, Defendants primarily argue that this Court lacks personal jurisdiction over them because they are not "at home" in Pennsylvania, as required by the seminal Supreme Court decision, *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and because Plaintiff's negligence claims do not arise out of any contacts Defendants have with Pennsylvania.

The issues presented in the motion have been fully briefed and are ripe for disposition. After careful consideration, for the reasons set forth herein, Defendants' motion to dismiss for lack of personal jurisdiction is granted.

**BACKGROUND**[1]

Between November 29, 2018, and November 30, 2018, Plaintiff was a guest at the Holiday Inn, located in Santee, South Carolina. According to Plaintiff, the hotel was owned and/or operated by Defendants. Sometime during Plaintiff's stay at the hotel, she was the victim of a theft of several pieces of her jewelry. Plaintiff alleges that the theft was the result of Defendants' negligence. Plaintiff further alleges that Defendant Holiday Hospitality maintains its principal place of business in Atlanta, Georgia, and that Defendant Prammish maintains its principal place of business in Santee, South Carolina.

In support of their motion to dismiss, Defendants attached the affidavits of Jenny Tidwell, Vice President of Holiday Hospitality Franchising, LLC, and Sheela Bivek, the owner and operator of Prammish, LLC, to provide various jurisdictional facts. In her affidavit, Ms. Tidwell attests that Defendant Holiday Hospitality is incorporated in Delaware and confirms that Defendant Holiday Hospitality's principal place of business is located in Atlanta, Georgia. In her affidavit, Ms. Bivek attests that Defendant Prammish, LLC, is incorporated in and also confirms that it maintains its principal place of business in South Carolina.

In her response to Defendants' motion, Plaintiff offers no rebuttal to the jurisdictional facts set forth in the above-referenced affidavits. Instead, Plaintiff points to the numerous hotels within the Eastern District of Pennsylvania purportedly owned, operated, franchised, and advertised by Defendant Holiday Hospitality, as sufficient minimum contact to support personal jurisdiction in this matter.

---

[1] The jurisdictional facts set forth herein, where undisputed, are taken from the parties' pleadings and supporting affidavits. Where disputed, the facts have been construed in Plaintiff's favor.

**LEGAL STANDARD**[2]

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant has raised this jurisdictional defense, the burden shifts to the plaintiff to present a *prima facie* case establishing jurisdiction over the non-resident defendant in the forum. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *see also Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction."). A plaintiff has the burden to show, "with reasonable particularity," enough contact between the defendant and the forum state to support the exercise of personal jurisdiction by the forum state. *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted); *see also Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) ("In order to establish a *prima facie* case, the plaintiff must present specific facts that would allow the court to exercise jurisdiction over the defendant.").

In determining the existence of personal jurisdiction, courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368. Once the plaintiff's "allegations are contradicted by an opposing affidavit . . . [he or she] must present similar evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009). To counter opposing affidavits, "[p]laintiffs may not repose upon their pleadings in this manner. Rather, they must counter defendant['s] affidavits with contrary evidence in support of purposeful availment

---

[2] Defendants also move to dismiss this action for improper venue, or alternatively, to transfer this matter for *forum non conveniens*. Because this Court concludes that it lacks personal jurisdiction over Defendants and dismisses this action on that ground, it does not address Defendants' alternative arguments.

3

jurisdiction." *Id*. at 559. To that end, "[t]he plaintiff must respond to the defendant's motion with 'actual proofs;' 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'" *Lionti v. Dipna, Inc.*, 2017 WL 2779576, at *1 (E.D. Pa. June 27, 2017) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984)); *see also Lehigh Gas Wholesale, LLC v. LAP Petro., LLC*, 2015 WL 1312213, at *2 (E.D. Pa. Mar. 23, 2015) ("Plaintiff carries the burden to prove personal jurisdiction using 'affidavits or other competent evidence.'") (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)); *In re Chocolate Confectionary*, 602 F. Supp. 2d at 556-57 (a plaintiff must present contrary evidence in the form of "actual proofs[.]").

**DISCUSSION**

As noted, Defendants are corporate entities incorporated and maintaining principal places of business outside Pennsylvania. Defendants move to dismiss this action based on the lack of requisite sufficient minimum contacts with Pennsylvania to support personal jurisdiction in this forum. Defendants have offered two sworn affidavits in support of their motion in which the affiants attest that Defendants are neither incorporated nor maintain a principal place of business in Pennsylvania. Plaintiff has not contested these jurisdictional facts[3] but has instead relied on Defendant Holiday Hospitality's purported ownership and/or franchising of other hotels located in the Eastern District of Pennsylvania to argue that these contacts are sufficient to give rise to personal jurisdiction over Defendants. Plaintiff, however, is mistaken.

A federal court may assert jurisdiction over a nonresident of the forum state to the extent authorized by the law of the forum; here, Pennsylvania. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Pennsylvania's long-arm statute grants jurisdiction coextensive with that

---

[3] Indeed, the allegations contained in Plaintiff's own complaint confirm that Defendants are neither incorporated nor maintain principal places of business in Pennsylvania. [*See* ECF 3 at ¶¶2-3].

permitted by the due process clause of the Fourteenth Amendment of the United States Constitution. *Id.*; *see also* 42 Pa. Cons. Stat. §5322(b). Therefore, this Court's analysis must focus on federal due process requirements. *Applied Tech. Int'l, Ltd. v. Goldstein*, 2004 WL 2360388, at *2 (E.D. Pa. Oct. 20, 2004).

A court's constitutional inquiry is guided by the "minimum contacts" test established in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Under this standard, a plaintiff must show that a nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (internal quotations and citation omitted); *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that it may be subject to suit in that forum. *Marten*, 499 F.3d at 296.

A federal court must possess one of two forms of personal jurisdiction to comport with these principles: either general jurisdiction or specific jurisdiction. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984)). General jurisdiction allows a court to exercise its jurisdiction over any party that possesses "continuous and systematic" contacts with the forum state, regardless of whether the claim results from the party's forum-related activities. *Helicopteros*, 466 U.S. at 415 n.9; *Marten*, 499 F.3d at 296. Where the cause of action has no relation to a corporate defendant's contacts with the forum, general jurisdiction may only be asserted over the corporate defendant if the corporate defendant's "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum

[s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 128 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)) (quotation marks omitted); *see also Helicopteros*, 466 U.S. at 414.

"The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business . . . ." *BNSF Ry. Co. v. Tyrrell*, __ U.S. __, 137 S. Ct. 1549, 1552 (2017) (citing *Daimler*, 134 S. Ct. at 760); *see also Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016). In addition to the two paradigm bases, general jurisdiction may also arise in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19. Applying the *Daimler* analysis, the United States Court of Appeals for the Third Circuit has held that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Chavez*, 836 F.3d at 223 (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[I]n our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases.") (citation omitted).

On the other hand, specific jurisdiction allows the court to hear claims that arise from or relate to the party's contacts with the forum state, such that the defendant should reasonably anticipate being hailed into court in that forum. *Helicopteros*, 466 U.S. at 414 n.8; *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). In determining whether there is specific jurisdiction over a nonresident defendant, courts undertake a three-part inquiry. *See*

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claim must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414. Third, assuming that the first two requirements are met, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (internal citations omitted); *see also O'Connor*, 496 F.3d at 317.

As noted, Plaintiff bears the burden of establishing, through sworn evidence or other competent evidence, that this Court may exercise either general or specific jurisdiction over Defendants. Plaintiff suggests, based on the mere existence of other Holiday Inn hotels, that this Court can exercise both general and specific jurisdiction over Defendants. Under the legal framework described above, this Court disagrees.

Defendants have presented two uncontested affidavits in which the affiants attest that Defendants are neither incorporated, nor maintain a principal place of business, in Pennsylvania. Since Plaintiff does not contest these jurisdictional facts, Pennsylvania is not a "paradigm" forum, *Daimler*, *supra*, where Defendants are "at home" for the purposes of personal jurisdiction.

Notwithstanding, Plaintiff argues that both specific and general jurisdiction can be exercised over Defendants because Defendant Holiday Hospitality owns, operates, franchises, and/or advertises numerous hotels in the Eastern District of Pennsylvania. Plaintiff contends that these contacts with Pennsylvania constitute the requisite "continuous and systematic" contacts for the exercise of both specific and general jurisdiction. Notably, in support of this argument, Plaintiff relies solely upon cases decided years before the Supreme Court's seminal decision in

7

*Daimler*, which effectively narrowed the scope of general jurisdiction over corporate defendants, like Defendants in this case. Remarkably, *Daimler* is not mentioned anywhere in Plaintiff's brief.

Regardless, in the post-*Daimler* legal landscape, the fact that an out-of-state entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that the entity is "at home" in Pennsylvania. *See e.g.*, *Daimler*, 571 U.S. at 138 (emphasizing that even "engage[ment] in a substantial, continuous, and systematic course of business" alone is insufficient to render an entity at home in a forum); *Spear v. Marriott Hotel Servs., Inc.*, 2016 WL 194071, at *3 (E.D. Pa. Jan. 15, 2016)) ("Applying the considerations of *Daimler* and *Goodyear*, the mere allegation that defendants operate in the State does not render defendants 'at home' in Pennsylvania and subject it to general jurisdiction here."); *Campbell v. Fast Retailing USA, Inc.*, 2015 WL 9302847, at *2-3 (E.D. Pa. Dec. 22, 2015) (citing *Daimler* and holding that "[t]he allegation that an entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania."); *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 432 (E.D. Pa. 2015) ("A corporation is *not* 'at home' in 'every state in which it engages in a substantial, continuous, and systematic course of business.'"). Indeed, the Supreme Court has held that regularly occurring sales to a forum state cannot subject a nonresident defendant to general jurisdiction. *See Goodyear*, 131 S. Ct. at 2852, 2856-57. In *Goodyear*, the Supreme Court concluded that even "tens of thousands" of a foreign manufacturer's tires entering the forum over a three-year period was insufficient to trigger general jurisdiction because, despite those sales, the foreign corporation was not regarded as "at home" in that state. *Id*. In *Daimler*, the Supreme Court held that despite the fact that ten percent

of a foreign defendant's sales occurred within the forum state, such sales did not render Daimler "at home" in the forum. *Daimler*, 571 U.S. at 139.

Under these binding precedents, this Court finds that Plaintiff's allegations of Defendant Holiday Hospitality's ownership and operation of numerous hotels in Pennsylvania fall short of showing that Defendant Holiday Hospitality is "essentially at home" in Pennsylvania, as required under *Goodyear* and *Daimler*. At most, Plaintiff's contentions establish that Defendant Holiday Hospitality has a business presence in Pennsylvania. However, Plaintiff has not provided this Court with any evidence to substantiate that Defendants have amassed sufficient contacts with Pennsylvania as to render Defendants "essentially at home" in Pennsylvania. *See Daimler*, 571 U.S. at 122 (explaining that regional offices are not enough to consider a corporation "at home" in a forum in which it does not have its principal place of business or its place of incorporation); *see also Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014) (noting *Daimler* makes it "clear that even a company's engage[ment] in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum") (internal citation and quotations omitted); *Krishanti v. Rajaratnam*, 2014 WL 1669873, at *7 (D.N.J. Apr. 28, 2014) ("It is clear from *Daimler* that the physical presence of a corporation in a state does not necessarily render the corporation 'at home' in that state."). Because Plaintiff has made no showing that Defendants' contacts with Pennsylvania "are so continuous and systematic as to render it essentially at home in this state," *Daimler*, 571 U.S. at 139 (internal quotations and citation omitted), this Court lacks general jurisdiction over Defendants.

Plaintiff also argues that this Court can and should exercise specific jurisdiction over Defendants. As stated, specific jurisdiction allows the Court to hear claims that arise from or relate to the defendant's contacts with the forum state, such that the defendant should reasonably

9

anticipate being hailed into court in that forum. *Helicopteros*, 466 U.S. at 414 n.8. In her argument for specific jurisdiction, however, Plaintiff mistakenly relies upon the same argument proffered to support her argument for general jurisdiction and ignores the requirement that the cause of action arise out of Defendants' contacts with the forum state. Here, Plaintiff asserted negligence claims premised upon a theft that occurred in South Carolina. As such, the claims clearly do not arise out of any of Defendants' purported contacts with Pennsylvania. Accordingly, there is no basis for the exercise of specific jurisdiction over Defendants.[4]

**CONCLUSION**

For the reasons set forth herein, Defendants' motion to dismiss is granted. An appropriate Order will follow this Memorandum Opinion.

*NITZA I. QUIÑONES ALEJANDRO*, U.S.D.C. J.

---

[4] In her response, Plaintiff requests leave to conduct discovery targeted to the issue of personal jurisdiction. No amount of discovery, however, could change the undisputed facts that Defendants are neither incorporated, nor maintain a principal place of business, in Pennsylvania. Nor will any discovery change the undisputed fact that Plaintiff's negligence claims do not arise out of any of Defendants' purported contacts with Pennsylvania. As such, Plaintiff's request for discovery on this issue is denied.